# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DEONTE SPICER, | No. 4:17-CV-02324 |
|---|---|
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| WARDEN DAVID EBBERT, | |
| Respondent. | |

## ORDER

### APRIL 24, 2019

Deonte Spicer, a federal inmate, filed this 28 U.S.C. § 2241 petition asserting that the Bureau of Prisons ("BOP") erroneously calculated his sentence and projected release date.[1] In February 2019, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny Spicer's § 2241 petition because (1) Spicer failed to exhausted administrative remedies and (2) the petition fails on its merits.[2]

Spicer filed timely objections to the Report and Recommendation.[3] Spicer first reiterates that the BOP improperly calculated his release date, as his sentences should be served concurrently.[4] Second, Spicer argues that exhausting his

---

[1] Doc. 1.
[2] Doc. 15.
[3] Doc. 17; *see also* Doc. 19.
[4] Doc. 17 at 1-2.

administrative remedies would be futile because his projected release date has passed and because his petition fits within an exception to the exhaustion requirement carved out by the United States Court of Appeals for the Third Circuit in *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005).[5]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[6] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[7]

Upon de novo review of Magistrate Judge Carlson's Report and Recommendation, the Court finds no error in the conclusions that Spicer failed to exhaust his administrative remedies and that Spicer's petition fails on its merits. As to Spicer's assertion that exhausting administrative remedies would be futile because his projected release date has passed, his projected release date is July 12, 2022; even assuming that his 24-month revocation sentence should run concurrent to his other sentence, his release date would be July 12, 2020, leaving Spicer with sufficient time

---

[5] *Id.* at 3-4.
[6] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

to exhaust his administrative remedies. Moreover, Spicer fails to explain why exhaustion could not have been accomplished after his sentencing in 2016, or in 2017 when he filed his first sentencing-related administrative grievance. As to Spicer's contention that he fits within the *Woodall* exception, Spicer does not challenge the validity of a BOP regulation, but instead contends that his release date was erroneously calculated and, thus, *Woodall* is inapplicable. Finally, the Court agrees with Magistrate Judge Carlson that Spicer's sentencing orders do not call for any of the sentences to run concurrently, and the BOP therefore did not err in its sentencing calculation.

Consequently, **IT IS HEREBY ORDERED** that:

1. Spicer's motion to supplement his objections (Doc. 19) is **GRANTED**;
2. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 15) is **ADOPTED**;
3. Spicer's 28 U.S.C. § 2241 petition (Doc. 1) is **DENIED**; and
4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge